

```
              FILED
     U.S. DISTRICT COURT
   EASTERN DISTRICT OF LA

     2005 SEP 13  PM 4: 22

      LORETTA G. WHYTE
           CLERK
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MESHIA URSIN                                    CIVIL ACTION

VERSUS                                          NUMBER: 05-3079

WARDEN JOHNNIE JONES                            SECTION: "F"(5)

### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Meshia Ursin. (Rec. doc. 3). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Ursin's petition be dismissed with prejudice.

Petitioner Ursin is a state prisoner who is presently incarcerated at the Louisiana Correctional Institute for Women, St. Gabriel, Louisiana. According to her petition, on July 19, 2001, Ursin pled guilty to possession of cocaine in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of

```
___ Fee_____
___ Process_____
 X /Dktd_____
  √ CtRmDep_____
___ Doc. No._____
```

Louisiana, for which she received an eight-year sentence. Ursin indicates that she did not directly appeal her conviction which became final on July 25, 2001 when the five-day appeal period in effect under LSA-C.Cr.P. Art. 914(B)(1) expired and no motion therefor was made.[1]/  Since that time, in answer to Question 10 of the pre-printed form prescribed for use in §2254 proceedings, Ursin indicates that she has not filed any petitions, applications, or motions with respect to the judgment of conviction in any court, state or federal.  (Rec. doc. 1, p. 2).  Ursin signed her habeas petition on July 10, 2005.  (Rec. doc. 1, p. 6).

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like Ursin now have one year from the date that their convictions become final to timely seek federal habeas relief. Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period. The one-year time bar may be raised by the Court sua sponte.  Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999).

As noted above, subsequent to the date that her conviction

---

[1]/ By Acts 2003, No. 949, §1, the Louisiana Legislature expanded the appeal time to thirty days.

became final on July 25, 2001, Ursin has had no challenges to her conviction pending before any state court. Her time to timely seek §2254 relief thus expired on July 25, 2002. As no facts have been presented warranting the application of equitable tolling, Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074, 119 S.Ct. 1474 (1999), Ursin's petition is untimely and should be dismissed as such.

Alternatively, a review of the merits of Ursin's claims for relief is barred by the procedural default doctrine. Nobles v. Johnson, 127 F.3d 409, 420-23 (5th Cir. 1997), cert. denied, 523 U.S. 1139, 118 S.Ct. 1845 (1998). Ursin has never presented her claims to the Louisiana Supreme Court for its consideration and the two-year period for her to do so as set forth in LSA-C.Cr.P. Art. 930.8 has now expired. Because Article 930.8 is an independent and adequate state rule that is regularly applied by the state courts, Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997), cert. denied, 523 U.S. 1125, 118 S.Ct. 1811 (1998), because no external impediment prevented Ursin from presenting her claims to the Louisiana Supreme Court prior to the expiration of the time prescribed by Article 930.8, Moore v. Roberts, 83 F.3d 699, 704 (5th Cir. 1996), cert. denied, 519 U.S. 1093, 117 S.Ct. 772 (1997), and because Ursin makes no colorable showing of actual innocence, Glover, 128 F.3d at 904, the Court is powerless to consider her claims on the merits even if her petition had been filed in a timely manner.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Meshia Ursin be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 13th day of September, 2005.

Alma L C Rases
UNITED STATES MAGISTRATE JUDGE

4